45 C.C.P.A. (Patents).
**Application of David W. RAU.**

**Patent Appeal No. 6345.**

United States Court of Customs and Patent Appeals.
March 21, 1958.

438

Ralph L. Tweedale, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all the claims in appellant's application for a patent on a power transmission device.

Claims 3 and 6 are representative of the appealed claims and read:

"3. Means for causing mechanical force to be imparted from one to the other of a pair of spaced relatively movable coupling members, said means comprising dry ferromagnetic stainless steel particles disposed in the space between the coupling members, and means for magnetically exciting the stainless steel particles to form a force-transmitting connection between said members.

"6. Means for causing mechanical force to be imparted from one to the other of a pair of spaced relatively rotatable coupling members, said means comprising dry ferromagnetic stainless steel particles disposed in the space between the coupling members, and means for magnetically exciting the stainless steel particles to form a force-transmitting connection between said members."

The references relied on are:

Technical Report 1213, National Bureau of Standards, Washington, D. C.

Rabinow 2,622,713 December 23, 1952.

Appellant's application discloses an electromagnetic clutch comprising two spaced clutch members, the space between which is filled with dry ferromagnetic stainless steel particles. One of the clutch members contains a magnetizing coil which, when energized, establishes a magnetic field between adjacent surfaces of the clutch members, thus causing the particles to become magnetized and to bind the members together by a force dependent upon the strength of the magnetic field. The specific structure of the clutch is not set forth in the claims and need not be considered here.

Both the Rabinow patent and the Bureau of Standards publication, which relates largely to work done by Rabinow, disclose magnetic clutches comprising spaced members, one of which may be electrically magnetized by a coil, the space between the members containing ferromagnetic particles mixed with oil. The energization of the coil creates a magnetic field and couples the clutch members together in the same manner as in appellant's device.

The appealed claims are all quite similar and have not been considered individually either in the decisions below or in the briefs here. The sole feature relied on as distinguishing each of them from the prior art is found in the statement that the material between the clutch members comprises dry or unlubricated ferromagnetic stainless steel particles. If that feature involves patentable novelty, all of the appealed claims.

are allowable; if not, all of them were properly rejected.

The Bureau of Standards publication relates primarily to the use of mixtures of oil and magnetic metal particles between the opposing members of a clutch. One such mixture proposed comprises "stainless steel flakes" with "light machine oil." That mixture is listed in a table with a number of others and, with respect to the torque, it appears to be better than some, but not as good as others, of the listed mixtures. However, the listing definitely shows that stainless steel flakes may be used for transmitting torque in a magnetic clutch. We think the board correctly held that the so-called flakes are fully equivalent to the particles recited in the appealed claims.

As a basis for disclosing that such flakes may be used dry or unlubricated, the board relied principally on the following statement which appears in the publication following a description of the use of oil and "carbonyl E Iron" between the plates of a clutch:

"When dry powder is used in the clutch, the torques are of the same order of magnitude as when mixed with oil and eccentricity or misalignment of plates results in erratic operation."

Appellant argues that the quoted statement points away from the use of dry powder, but we agree with the board that the "erratic operation" described is limited to the particular form of clutch referred to, and is found in that clutch only when eccentricity or misalignment is present. In our opinion, that statement would not discourage the use of dry powder in other clutches or under proper conditions of adjustment.

Moreover, the use of dry, unlubricated ferromagnetic particles in magnetic clutches is clearly disclosed in the Rabinow patent which contains the following statements with respect to such clutches:

"This mixture will be referred to hereinafter as iron-oil for convenience, but it will be understood that any paramagnetic powder is contemplated, and any suitable fluid may be used. It will be further understood that the *paramagnetic material may be used without the fluid.* (Italics ours.)

\*     \*     \*     \*     \*     \*

"Dry paramagnetic particles alone have been successfully used.

\*     \*     \*     \*     \*     \*

"The mixture is so proportioned that only enough powder 15 to fill the cylincrical gap or minimum peripheral space between member 10 and cup 4 is used, the rest of the space including the radially extending gap joining into the cylindrical gap being occupied by light oil 16, *or the oil may be omitted in its entirety.* (Italics ours.)

\*     \*     \*     \*     \*     \*

"When dry paramagnetic particles alone are used the oil leakage problem does not arise."

■ From the foregoing it is clear the prior art definitely contemplates the use of dry paramagnetic particles alone and that any paramagnetic powder may be used. In view of that fact, and since stainless steel flakes or particles, being magnetic, are known to be suitable for use in magnetic clutches when mixed with oil, we are of the opinion no invention would be involved in using such stainless steel particles in dry form in the manner set forth in the appealed claims.

■ It is true there is an affidavit of record indicating that exceptionally good results are obtained by the use of dry stainless steel particles, and that the references do not suggest that such results would be attained. However, the references do fairly suggest trying such particles, and it is well settled that a patent cannot be granted for an applicant's discovery of a result, even though it may be unexpectedly good, which would flow logically from the teaching

of the prior art. In re Inman, 228 F.2d 226, 43 C.C.P.A., Patents, 706; In re Kelley, 230 F.2d 435, 43 C.C.P.A., Patents, 816; In re Eisenhut, 245 F.2d 481, 44 C.C.P.A., Patents, 974, and cases there cited.

We have given full consideration to the contentions advanced by appellant and to the cases cited in support thereof. However, since we find no error in the decision appealed from, it is hereby affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate.